**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-60243-BLOOM/Valle**

JIBRAEL HINDI,

      Plaintiff,

v.

FROST-ARNETT COMPANY,

      Defendant.

_____/

## ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **November 13, 2018, at 9:00 a.m.** Calendar call will be held at **1:45 p.m. on Tuesday, November 6, 2018**. No pre-trial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128**. The parties shall adhere to the following schedule:

| | |
|---|---|
| **March 30, 2018** | Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The parties are reminded that pursuant to S.D. Fla. L.R. 26.1(b), initial disclosures shall not be filed with the Court unless an exception noted in the Local Rules applies. |
| **April 6, 2018** | The parties shall select a mediator pursuant to Local Rule 16.2, shall **schedule a time, date, and place for mediation**, and shall jointly **file a notice, and proposed order scheduling mediation** via CM/ECF in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **seven (7) days** of mediation, the parties are required to file |

a mediation report with the Court.  Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, **the proposed order is also to be emailed to bloom@flsd.uscourts.gov in Word format.**

| | |
|---|---|
| **May 15, 2018** | All motions to amend pleadings or join parties are filed. |
| **June 20, 2018** | Parties disclose experts and exchange expert witness summaries or reports. |
| **July 5, 2018** | Parties exchange rebuttal expert witness summaries or reports. |
| **July 18, 2018** | All discovery, including expert discovery, is completed. |
| **August 1, 2018** | Parties must have completed mediation and filed a mediation report. |
| **August 9, 2018** | All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed.  **This deadline includes all <u>dispositive motions</u>.** |
| **October 30, 2018** | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.** |

**<u>Daubert Motions</u>**.  Each party is limited to filing one *Daubert* motion.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**<u>Summary Judgment Motions</u>**.  The parties are reminded that strict compliance with Local Rule 56.1 is mandated.  Pursuant to Local Rule 56.1(a)(2), a statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.  In the event a responding party fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted.  Local Rule 56.1(b).  In the interest of

judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court hereby orders the parties to file any statements of material facts as follows:

1. The moving party shall file a statement of material facts as a separate filing from a motion for summary judgment.

2. Each material fact in the statement that requires evidentiary support shall be set forth in individually numbered paragraphs and supported by a specific citation.  This specific citation shall reference pages (and paragraph or line numbers, if applicable) of the cited exhibit(s).  When a material fact requires evidentiary support, **a general citation to an exhibit, without a page number or pincite, is not permitted**.

3. Each exhibit referenced in the motion for summary judgment and/or in the statement of material facts must be filed on the docket.  Exhibits which have already been filed on the docket *need not be refiled.*  If a deposition transcript is referenced, a complete copy must be filed **which includes all exhibits.** Within twenty-four (24) hours of filing a motion for summary judgment, the movant shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which that exhibit may be found.

4. The responding party may file an opposing statement of material facts which responds to the moving party's statement of material facts.  A responding party's opposing statement of material facts must specifically respond to each statement in the movant's statement by setting forth each of the individually

numbered paragraphs contained in the movant's statement and after each

paragraph, detail respondent's response or opposition.  By way of example:

Movant's Statement of Material Facts

1.  Blackacre is a vacant property located at 123 Main Street.  Exhibit A ¶ 1.

2.  John Smith owns Blackacre.  Exhibit B ¶ 12.

Respondent's Opposing Statement of Material Facts

1.  Blackacre is a vacant property located at 123 Main Street.  Exhibit A ¶ 1.
    *Admitted that Blackacre is located at 123 Main Street.  Exhibit A ¶ 1.
    Denied that the property is vacant.  Exhibit C at 5.*

2.  John Smith owns Blackacre.  Exhibit B ¶ 12.
    *Denied as phrased. Admitted that the last recorded deed to Blackacre
    names John Smith. Exhibit B ¶ 12.*

5.  Each exhibit referenced in the response to the motion for summary judgment

    and/or in the opposing statement of material facts must be filed on the docket.

    Exhibits which have already been filed on the docket *need not be refiled.*  If a

    deposition transcript is relied upon, a complete copy must be filed **which**

    **includes all exhibits.**  Within twenty-four (24) hours of filing a response to

    the motion for summary judgment, the responding party shall separately file

    an index of the cited exhibits which names each exhibit and references the

    docket entry at which that exhibit may be found.

6.   In the event that cross motions for summary judgment are filed, the Court

    may order the parties to submit a consolidated statement of material facts and

    responses as appropriate.  If cross motions are anticipated, the parties may

    jointly move for an order to file consolidated statements prior to filing the

    motions for summary judgment.

**Jury Instructions and Verdict Form**.   The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to bloom@flsd.uscourts.gov. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**.   Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Alicia O. Valle. Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Alicia O. Valle.  **The deadline for submitting a consent is August 9, 2018.**

**Discovery**.   The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be made only with the Court's approval.  *See* FED. R. CIV. P. 29.  To the extent not abrogated or contradicted by this Order, all agreements and stipulations entered into between the parties prior to this Order continue to bind the parties.  The Court reminds the parties that under the Local Rules, initial and expert disclosures; deposition transcripts; interrogatories; requests for documents, electronically

stored information or things, or to permit entry upon land; requests for admission; notices of taking depositions or notices of serving subpoenas; and associated responses, objections, notices or any associated proof of service, **shall not be filed until they are used in the proceeding or the court orders their filing**. S.D. Fla. L. R. 26.1(b). Improper filings will be stricken from the record. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. The parties must make every effort to resolve discovery disputes without requiring Court intervention. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. FLA. L.R. 7.1.

      **Discovery Disputes**. Magistrate Judge Alicia O. Valle requires an **expedited briefing schedule** and **shortened page limitation** for discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good faith conference) to prevent delay to the pretrial schedule. The parties shall file responses and replies to discovery motions no later than **seven (7) days** after a motion, or response, is filed. Any discovery motion and response, including the incorporated memorandum of law, shall not exceed **ten (10) double-spaced pages**. Any reply memoranda shall not exceed **five (5) double-spaced pages**. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

      **DONE AND ORDERED** in Miami, Florida, this 16th day of March, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 18-cv-60243-BLOOM/Valle

Copies to:

Counsel of Record