**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| JIBRAEL HINDI | ) |
| Plaintiff | ) |
| vs. | ) Case No. 0:18-cv-60243-BB |
| FROST-ARNETT COMPANY | ) |
| Defendant | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

This lawsuit is a paramount example of FDCPA[1] litigation gone awry. Plaintiff, Jibrael Hindi ("Hindi"), is a Florida consumer attorney.  His website proclaims that he is an experienced attorney who "has litigated over 300 consumer cases in federal and state court."[2] Mr. Hindi is no stranger to this Court, having filed numerous FDCPA lawsuits on behalf of consumers.  Many times he works together with his co-counsel and attorney in this case, Mr. Patti.  *See e.g.*, *Michael v. HOVG, LLC*, Case No. 16-cv-62651-BB.

On the receiving end of lawful collection activity by Defendant Frost-Arnett Company ("FAC"), Mr. Hindi initiated a telephone call to FAC in an effort to coax the collector into making an incorrect statement regarding the FDCPA.  Armed with what he believes is a violation of the FDCPA, Plaintiff brings this lawsuit, through his colleague, for violations of the FDCPA and Florida Consumer Collection Practices Act ("FCCPA"), Fla.Stat. § 599.55, *et seq*.

---

[1] Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.
[2] THE LAW OFFICES OF JIBRAEL S. HINDI, https://jibraellaw.com/ (Last accessed March 27, 2018).

- 1 -

This resulting litigation is the unforeseen consequence of consumer protection statutes designed to protect the unsophisticated consumer who has become the victim of predatory debt collection. Instead, this case presents a deliberate act by the Plaintiff to utilize this Court, knowing that Defendant is faced with the dilemma of either compensating Plaintiff and his attorney when no violation occurred or spending its own time and resources to defend this baseless action. Holding steadfast that it did nothing wrong, FAC moves to dismiss Plaintiff's claims.

Plaintiff filed his initial Complaint, [ECF No. 1], which FAC moved to dismiss for lack of standing and failure to state a claim, [ECF No. 8]. Instead of opposing the motion, Mr. Hindi opted to amend his complaint. [ECF No. 15].[3] The amendment does nothing to advance his claims. First, Mr. Hindi includes additional citations to statutes and case law which is inappropriate in a complaint. *See*, [¶¶ 1-14, 34-41, 45, 50].[4] *See also, Moore v. McCalla Raymer, LLC*, 916 F.Supp.2d 1332, 1342 (N.D.Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint"). Plaintiff's 14-page, 52-paragraph Amended Complaint contains only 15 paragraphs of factual allegations. [¶¶ 23-24, 28-33, 42-43, 46-48, 51-52].

The Amended Complaint reflects no material change from the original Complaint. Plaintiff's only change is to the description of his oral dispute to FAC. Whereas Mr. Hindi first stated that he made an "unequivocal request to dispute the debt," [ECF No. 1 at ¶ 32], he now excludes that language, replacing it with a claim that he "challenged the validity of the debt and sought to dispute the same. [¶ 33]. The amendment is a distinction without any difference.

---

[3] All further references to the Amended Complaint will be by paragraph number only.
[4] The Amended Complaint does not contain paragraphs 5-10.

- 2 -

Plaintiff's Amended Complaint is subject to dismissal based on his lack of standing. His Amended Complaint is alternatively subject to dismissal for failure to state a claim upon which relief may be granted because his factual contentions evidence that FAC did not violate the FDCPA or FCCPA.

## II.  BACKGROUND FACTS

Plaintiff filed his three-count Amended Complaint alleging that FAC violated the FDCPA, 15 U.S.C. §§ 1692g(a)(3)-(5), g(b), e, e(2)(A), e(10) and f (Counts I and II), and the FCCPA, Fla.Sta. § 559.72(9) (Count III). Both the federal and state statutes are consumer protection laws that regulate the conduct of third party debt collectors when attempting to collect consumer debts. *Id*.

Plaintiff contends that he received two collection letters from FAC attempting to collect a debt owed to Jupiter Anesthesia Associates (the "Debt"). [¶¶ 24, 29-31]. The first letter was dated November 3, 2017 and allegedly "received" on November 28, 2017.[5] [¶¶ 29-30] and [ECF No. 15-2]. The second letter was dated December 1, 2017. [¶ 31] and [ECF No. 15-3]. Plaintiff acknowledges that both collection letters advised him of his right to dispute the debt within 30 days after receiving the letters. [¶ 32].

After receiving the letters, Plaintiff alleges that on December 25, 2017,[6] he called FAC and orally disputed the debt. [¶ 33]. However, Plaintiff alleges that <u>after</u> he disputed the debt, Defendant's agent stated that Plaintiff could not dispute the Debt because the dispute period had expired.[7] *Id*.

---

[5] Plaintiff confuses the date he "received" the letter versus the date he eventually "opened" the letter. *See infra*, Part V.A.1.

[6] The actual date of the call was not on Christmas day, but on December 28, 2017. For the purposes of this Motion, the date of the phone call is irrelevant.

[7] Although the actual contents of the conversation cannot be provided without converting this motion to one for summary judgment, it is important to note that Plaintiff incorrectly states what Defendant's agent said. In fact, the

Based on the above allegations, Plaintiff brings his claim under the FDCPA for two separate violations.  First, he asserts that FAC violated the FDCPA by falsely informing him that he could not dispute the debt because the dispute period had expired even though he communicated his dispute within thirty (30) of the collection letters.  [¶¶ 39-43] (Count I). Further, Plaintiff alleges a violation of the same subsections of the FDCPA based on the fact that FAC sent him two collection letters containing the thirty-day dispute language.  [¶¶ 45-48] (Count II).

Plaintiff's claim under the FCCPA, § 559.72(9) is based on the same conduct and alleges that FAC was asserting the existence of a legal right with knowledge that the right does not exist. [¶¶ 50-52] (Count III).

## III.   STANDARD OF REVIEW

### A.   Motion to Dismiss For Lack of Subject Matter Jurisdiction [Rule 12(b)(1)]

Standing is a core element of Federal subject matter jurisdiction and is subject to the same standard of review that applies to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P Rule 12 (b)(1). *See*, *McElmurray v. Consolidated Government of Augusta-Richmond County,* 501 F.3d 1244, 1251 (11th Cir. 2007).  A Plaintiff bears the burden of proving subject matter jurisdiction.  *See*, *OSI, Inc. v. U.S.*, 285 F.3d 947, 951 (11th Cir. 2002).  In considering a motion to dismiss for lack of standing, the Court must accept as true all material factual allegations in the complaint and must construe the complaint in favor of the Plaintiff.  *Id. citing Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

---

recording of this call establishes that after Plaintiff asks "are you saying I cannot dispute this debt?," Defendant's agent responds, "I am not saying you cannot dispute this debt.".

FAC relies on the allegations in the Complaint which demonstrate that the Plaintiff has not alleged he suffered "an invasion of a legally protected interest that is concrete and particularized and actually imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S.Ct. 1540, 1548 (2016) (internal quotation marks and citations omitted).

**B.     Motion To Dismiss For Failure To State A Claim [Rule 12(b)(6)]**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court addressed the pleading requirements needed to state a claim for relief and avoid dismissal under Fed.R.Civ.P. 12(b)(6).  The Court explained that while a complaint need not contain detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action" will not do.  *Id*. at 555.  Instead, a plaintiff must make factual allegations that create more than a suspicion of a legally cognizable cause of action.  Further, the factual allegations must move beyond the mere possibility of the existence of a cause of action to establish a plausibility of entitlement to relief.  *Id*. at 557-58.

The Supreme Court reiterated *Twombly's* requirement that to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citations omitted).  However, a conclusory recitation of the elements of a cause of action alone is not sufficient.  *Harding v. NCL (Bahamas) Ltd.*, 90 F.Supp.3d 1305, 1307 (S.D.Fla. 2015).

In evaluating a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), this Court may consider judicially noticed facts.  *See*, *Varner v. Domestic Corporation*, 2017 WL 3730618, at *3 (S.D.Fla. Feb. 7, 2017).  This Court may also take judicial notice of public and court records.  *See, Nguyen v. U.S.*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).  Additionally, courts have taken judicial notice of information appearing on a party's website.  *See, Jeandron v. Board of Regents*

*of University System of Maryland*, 510 Fed.Appx. 223, 227 (4th Cir. 2013) ("A court may take judicial notice of information publicly announced on a party's website, so long as the website's authenticity is not in dispute and it is capable of accurate and ready determination"), *citing* Fed.R.Evid. 201(b) and *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007)(same)

Here, a review of Plaintiff's Complaint demonstrates that he has not pled sufficient facts to state a claim under the FDCPA or FCCPA.

### IV. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE PLAINTIFF HAS NOT ALLEGED THE INVASION OF A LEGALLY PROTECTED INTEREST

The Supreme Court in *Spokeo, Inc. v. Robins* expounded on the requirement that a party suing for violation of a consumer protection law must have incurred an "injury-in-fact" to establish the requisite Article III standing:

> [S]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong, '[t]he law of Article III Standing . . . serves to prevent the judicial process from being used to usurp the powers of the political branches,' and confines the federal courts to a properly judicial role.
>
> Our cases have established that the 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element.

*Id*. at 1547.

"To establish injury-in-fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo* at 1548 (internal citation omitted). Because the Ninth Circuit's ruling in *Spokeo* did not consider whether a plaintiff suing under the Fair Credit Reporting Act had established a "concrete" injury, the Supreme Court remanded the case, directing the lower court to evaluate whether the asserted injury was "concrete." In reaching this determination, the Court explained that:

> both history and the judgment of Congress play important roles. Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged and tangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.

*Id*. at 1549.

The Court cautioned that:

> Congress' role in identifying an elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and courts to authorize that person to sue to indicate that right. Article III Standing requires a concrete injury even in the context of a statutory violation. For that reason, *Robins* could not, for example, <u>alleged a bare procedural violation, divorced from any concrete harm and satisfy the injury-in-fact requirement of Article III</u>.

*Id*. (Emphasis added).

Mr. Hindi has not identified any concrete injury-in-fact and for this reason, he lacks standing to bring his lawsuit. His asserted grievance is strictly limited to his allegations that he (1) received two collection letters containing the FDCPA validation notice and (2)

Defendant's agent told him he could not dispute the Debt after he called and disputed the Debt. [¶¶ 28-33].

First, the fact that Plaintiff received two collection letters with the FDCPA validation notice is not a concrete injury. In fact, it is not an injury at all. *See, Gesten v. Phelan Hallinan, PLC*, 57 F.Supp.3d 1381, 1386-87 (S.D.Fla. 2014) (There is no FDCPA violation for sending two collection letters with the § 1692g validation notice). In this circumstance, the "required notice was [] not overshadowed or contradicted. Instead it was expanded and emphasized". *Id*.

Second, Plaintiff suffered no concrete injury when Defendant's agent allegedly told him that his dispute period had expired. When a consumer exercises the right to orally dispute a debt within 30 days, the debt collector may not assume the debt valid. 15 U.S.C. § 1692g(3). If a debt collector assumes the debt valid, when in fact a consumer has disputed the debt, concrete injuries may follow in the form of improper credit reporting or further collection activity. However, in this case, Plaintiff does not allege and cannot in good faith assert, that FAC initiated any further collection activity and therefore he suffered no concrete injury by the Defendant allegedly assuming the debt valid despite Plaintiff's oral dispute.

Further, the alleged "injury" does not rise to a protected right created by Congress. In *Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990, 994 (11th Cir. 2016), the Eleventh Circuit held that a debtor had standing to sue because substantive rights were violated when a debt collector did not include the required FDCPA disclosures in its letter. Here, it is undisputed that Plaintiff received the required validation notice (not once, but twice). Plaintiff alleges he "challenged the validity of the debt." [¶ 33].[8] Under this circumstance, even though Defendant could no longer assume the debt valid, absent any other collection

---

[8] *Cf.* [ECF No. 1 at ¶ 32] (Plaintiff stating he "unequivocally" disputed the debt).

activity, the question of whether or not FAC assumed the debt valid does not equate to any concrete injury.

Accordingly, Plaintiff "cannot satisfy the demands of Article III standing, absent an allegation that damages flowed therefrom. Therefore, the alleged violations of the FDCPA and FCCPA is "divorced from any concrete harm." *Spokeo* at 1549. For this reason, Plaintiff lacks the standing required by Article III of the United States Constitution to bring this suit. The lawsuit must therefore be dismissed.

### V.   PLAINTIFF'S FDCPA AND FCCPA CLAIMS NONETHELESS FAIL BECAUSE HE HAS NOT STATED A CAUSE OF ACTION UNDER EITHER STATUTE

#### A.   FDCPA

Plaintiff brings his claims for violations of §§ 1692g(a)(3)-(5), g(b), e, e(2)(A), e(10) and f. 15 U.S.C. § 1692g(a) sets out the initial disclosures that must be provided to a debtor by a debt collector. Relatedly, 15 U.S.C. § 1692g(b) prohibits a debt collector from taking certain action when it receives a dispute <u>in writing</u>. Here, Plaintiff does not allege any written dispute. Since he only disputed the Debt orally, § 1692g(b) does not apply.

15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation to collect a debt, including a false representation as to the "character, amount or legal status of the debt" (§ e(2)(A)) or a false representation to collect any debt (§ e(10)). Similarly, 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt. Plaintiff asserts each of these subsections were violated when FAC sent him two collection letters with the required § 1692g disclosures and when FAC's agent advised him that the dispute period had expired.[9]

---

[9] Interestingly, Plaintiff's amendment removes his allegation that FAC "ultimately refused to dispute the debt in violation of the FDCPA." [ECF No 1. At ¶ 33].

In his Amended Complaint, Plaintiff alleges two counts under the FDCPA even though he references the same subsections in each count. Upon review of the Amended Complaint, Plaintiff asserts violations of the FDCPA based on the first collection letter in Count I, and violations of the FDCPA based on the second collection letter in Count II.

### 1. Plaintiff did not "receive" the first collection letter on November 28. Therefore, he did not dispute the debt within thirty (30) days of the first collection letter.

Plaintiff's claims in Count I of the Amended Complaint focus on his allegation that he contacted FAC to dispute the debt within thirty (30) days of receiving the first collection letter dated November 3, 2017. *See*, [¶ 42] ("Plaintiff contacted Defendant within thirty (30) days of receiving *both* [letters]") (emphasis in original) and [¶ 43] ("[M]ost critically, Plaintiff's communication with Defendant occurred within 30-days of Plaintiff receiving the First Collection Letter"). In support of his assertion, Plaintiff relies on the fact that although the first collection letter was dated November 3, 2017, he did not receive it until November 28, 2017. [¶¶ 29-30].[10]

The FDCPA provides certain dispute rights to debtors who notify a debt collector of a dispute within thirty (30) days of receiving the § 1692g disclosures. Plaintiff is mistaken that the initial phone call between the parties on December 25, 2017 wherein he disputed the debt was within thirty (30) days of receipt of the first collection letter. Mr. Hindi confuses the date which he <u>received</u> the first collection letter with the date that he <u>opened</u> the first collection letter.

15 U.S.C. § 1692g requires only that the validation notice be sent by a debt collector, it does not require a debt collector to establish actual receipt by the debtor. *Martin v. Allied Interstate, LLC*, 192 F.Supp.3d 1296, 1307 (S.D.Fla. 2016), *citing Mahon v. Credit Bureau of*

---

[10] In his original Complaint, Plaintiff states the reason for the delay was because "he was away from home most of the month of November. [ECF No. 1 at ¶ 28].

*Placer Cnty., Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999). The first collection letter dated November 3, 2017 is presumed to be <u>received</u> shortly after it was sent to Plaintiff. *Mahon*, 171 F.3d at 1202 ("Under the common law Mailbox Rule, proper timely mailing of a document raises a rebuttable presumption that it is received by the addressee") (internal citations omitted). Given the presumption that the letter was received three (3) days after it was mailed[11], Plaintiff would have received the first collection letter on November 6, 2017, making the December 25, 2017 communication outside the thirty (30) day dispute period.

Mr. Hindi focuses on the alleged fact that he did not receive the first collection letter until November 28, 2017, probably due to the fact that he was away from home. [¶ 30]. Those purported facts are irrelevant. Based on the common law Mailbox Rule, the first collection letter arrived at Plaintiff's mailbox on November 6, 2017, making the letter within his possession and control. Whether or not Plaintiff was out of town, chose to ignore the letter, or did not check his mail for three (3) weeks is immaterial as to the date of receipt of the letter. Although Plaintiff may have ultimately <u>opened</u> the letter on November 28, he <u>received</u> it on November 6. A contrary holding would mean that a debtor could arbitrarily and artificially enlarge the thirty (30) day dispute window by simply not opening the envelope or checking his or her mail. Instead, the thirty (30) day dispute period is pegged to the date the letter was sent and the presumption that it is received by a debtor three (3) days later under the Mailbox Rule.

Accordingly, each of Plaintiff's claims related to his dispute within thirty (30) days receipt of the first collection letter fail.

---

[11] *See, e.g., Adebiyi v. City of Riverdale, Georgia*, 2009 WL 10664779, *4 (N.D.Ga. July 21, 2009) ("[t]here is a presumption that a right to sue letter is received…three days from when it was mailed"), *citing Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 (1984) (applying presumption that letter was "received three days from when it was issued").

### 2. FAC did not violate the FDCPA by allegedly stating in the December 2017 phone call that Plaintiff's dispute period had expired. (Count I)

The FDCPA's validation notice provides a consumer the right to orally dispute a debt within 30-days upon which a debt collector may not assume the debt valid. 15 U.S.C. § 1692g(a). Here, Plaintiff received the validation notice again on December 1, 2017 and exercised that right pursuant to the second collection letter. As he states in the Amended Complaint, he "challenged the validity of the debt and sought to dispute the same." [¶ 33] (emphasis added). Subsequent to Plaintiff disputing the Debt, he alleges that Defendant's agent told him that the dispute period already expired. *Id*. Based entirely on this sole statement, Plaintiff asserts that the agent's statement overshadowed his dispute rights and was false and misleading, **even though he had already disputed the debt**.

Overshadowing occurs when a statement or communication from a debt collector would confuse the least sophisticated consumer into thinking that he or she did not have 30-days to dispute the debt. *See e.g.*, *Gesten*, 57 F.Supp.3d at 1387, *citing In re Hathcock*, 437 B.R. 696, 702 (M.D.Fla. Bankr. 2010) ("Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt…and that obscured the fact that the debtor had thirty days to dispute the debt"). It is implausible to contend that FAC's actions overshadowed Plaintiff's right to dispute the debt when he had already, in fact, disputed the debt.

Further, an oral dispute, unlike a written dispute, serves to trigger limited statutory protections under the FDCPA. *See*, *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273, 1276 (S.D.Fla. 2016), *citing Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005). Pursuant to § 1692e(8), an "oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt

is in dispute." *Id*. Additionally, upon receipt of an oral dispute, § 1692h prohibits a debt collector from applying any portion of a payment to a disputed debt. *Id*. Further, the protections after an oral dispute arise because the debt collector may not assume the debt valid. 15 U.S.C. § 1692g(a)(3).

However, there is no FDCPA violation until subsequent collection activity takes place that ignored the statutory protections upon an oral dispute. Here, Plaintiff's Amended Complaint is devoid of any allegation that further collection activity occurred (either credit reporting, mailing of letters, or phone calls).[12] For this reason, FAC did not violate the FDCPA. While it may be true that after Plaintiff disputed the debt Defendant's agent told him the period had expired, an FDCPA violation had not yet occurred because any violation would be based on subsequent collection activity after receipt of the oral dispute. Whether FAC realized that Plaintiff could dispute the debt or FAC determined not to proceed with any further activity, the FDCPA was not implicated by Defendant's alleged misstatement.

The FDCPA "allows a collection agency to respond to a written dispute by ceasing all collection activity without verifying the debt." *Isham v. Gurstel, Staloch & Gardo, P.A.*, 738 F.Supp.2d 986, 997 (D.Ariz. 2010). Likewise, as to Plaintiff's oral dispute, there is no violation if collection activity ceases. *Id*. *See also, Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031-32 (6th Cir. 1992) (finding that a debt collector did not violate the FDCPA by failing to verify the consumer's debt in response to his request for verification because the debt collector ceased collection activity after receiving the request) and *Jang v. A.M. Miller and Associates*, 122 F.3d 480, 483 (7th Cir. 1997) (same).

By ceasing collection activity after the conversation in which Plaintiff orally disputed the debt, FAC did not violate the FDCPA. Plaintiff's claim, which rests on the proposition that

---

[12] Plaintiff could not in good faith make any such allegation because no further collection activity occurred.

Defendant told him the dispute period expired (even though a dispute was already made by Plaintiff) fails.

### 3.  FAC did not violate the FDCPA by sending two collection letters that provided a 30-day dispute period. (Count II)

Plaintiff claims that FAC violated the FDCPA by sending two collection letters which contained a 30-day dispute notice. [¶¶ 46-48].[13]  This Court and other district courts have conclusively held that by sending multiple letters with the § 1692g validation notice a consumer's rights are not violated, but instead expanded.  *See*, *Gesten*, *supra*.  *See also*, *Curry v. AR Resources, Inc.*, 2016 WL 8674254, *2 (D.N.J. Nov. 4, 2016) (holding that a second letter containing the 30-day validation notice does not violate the FDCPA); *Young v. G.L.A. Collection Co., Inc.*, 2011 WL 6016650, at *1 (S.D.Ind. Dec. 1, 2011) ("[r]eceipt of the second notice proscribing a second 30-day period for validation does not in any way hamper the unsophisticated debtor's exercise of her right to request validation of the debt") and *Brenker v. Creditors Interchange, Inc.*, 2004 WL 594502, at *3 (S.D.N.Y. Mar. 25, 2004) (second letter did not diminish the plaintiff's rights at all, in fact "if anything, it restarted the period").

It is clear that the sending of two collection letters did not violate Plaintiff's FDCPA rights.  As such, Count II of Plaintiff's Amended Complaint must be dismissed.

### 4.  FAC did not violate 15 U.S.C. § 1692e, e(2)(A), e(10) or f.

Although Plaintiff's claims are focused on violations of the § 1692g notice and his dispute rights relating thereto, he also alleges claims under § 1692e, e(2)(A), e(10) and f.

#### i.  15 U.S.C. § 1692e

Plaintiff claims that FAC is liable under § 1692e, e(2)(A), and e(10) for using a false, deceptive, or misleading representation in collecting the Debt.  Specifically, Plaintiff asserts that

---

[13] Surprisingly, Plaintiff, himself a consumer attorney, is advancing an argument that would, in effect, limit the protections afforded to consumers.

FAC's statement that the dispute period had expired was false and misleading. [42-43]. While his claim is primarily one made under § 1692g, the conduct is actionable as a violation of § 1692e "if the variance is one that would tend to mislead the least sophisticated consumer." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014). However, Courts are reluctant to impose liability under § 1692e for alleged technical violations that do not mislead or deceive the consumer, and instead will only find violations for "misrepresentations that are material." *Maximiliano v. Summ Associates, Inc.*, 2018 WL 783104, at *6 (S.D.Fla. Feb. 12 2018). To be material, "a statement must influence a consumer's decision or ability to pay or challenge a debt." *Id*. (*quoting Miljkovic v. Shafritz & Dinkin, P.A.*, 2014 WL 3587550, at *8 (M.D.Fla. July 18, 2014).

Here, FAC's alleged statement, even if it was a misstatement, that the dispute period had expired, made <u>after</u> Plaintiff had already disputed the Debt, is not material. The statement did nothing to influence Plaintiff's decision or ability to challenge the Debt. *Maximilaino, supra*. Since Plaintiff already exercised his oral dispute right, and thereafter FAC was required to adhere to any statutory protections stemming from the oral dispute, the statement has no effect on a consumers rights under § 1692g. While a statement by a debt collector that a consumer may not dispute the debt may affect a consumer if the statement is made <u>prior</u> to a valid dispute, the statement is immaterial when a consumer has already exercised that right. As such, there is no violation of § 1692e, e(2)(A) or e(10).

ii.   **15 U.S.C. § 1692f**

Plaintiff also brings a claim under § 1692f which is a "catch-all" prohibition on unfair and unconscionable debt collection activity. *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1308 (11th Cir. 2015). This subsection is violated when there is some unfair activity that is not

covered in the other subsections of the FDCPA. *See, Id.* ("Appellant fails to allege any conduct beyond that which he asserts violated the other provisions of the FDCPA, and, in doing so, Appellant fails to specifically identify how Appellees' conduct here was either unfair or unconscionable *in addition to* being abusive, deceptive, or misleading") (emphasis in original). *See also*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 & n.31 (11th Cir. 2010) (finding consumer's § 1692f claim dependent in part on consumer's success under § 1692e because "it's doubtful" conduct not found to violate § 1692e could be perceived as unfair and unconscionable).

"A catch-all is not a free-for-all." *Miljkovic*, 791 F.3d at 1308. Plaintiff makes no distinguishable allegation that would result in liability under § 1692f that is not covered in his claims under § 1692e (and its subparts) or §1692g. Because his claims under those subsections fail, his claim under § 1692f is a non-starter.

### B. FCCPA

For the same reasons as set out in Part V.A., *supra*, the conduct alleged by Plaintiff does not sufficiently state a cause of action. Conduct prohibited by debt collectors under the FCCPA, § 559.72, is similar to what is outlawed by the FDCPA, and this Court should apply the same analysis as that under the FDCPA. *See, Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 839 (11th Cir. 2010) ("the FCCPA specifies that, in construing its provisions, due consideration and great weight shall be given to the interpretations of the…federal courts relating to the [FDCPA]"). As discussed above, the two collection letters and statement by FAC's agent does not give rise to any claim under the FCCPA.

**VI.     CONCLUSION**

Plaintiff does not have standing to bring the instant lawsuit.  Further, Plaintiff's Amended Complaint fails to state a cause of action against Defendant for any violation of the FDCPA or FCCPA.  Therefore, this Court should dismiss Plaintiff's Amended Complaint, with prejudice.

>THE LAW OFFICES
>  OF RONALD S. CANTER, LLC
>
>
>/s/ Ronald S. Canter
>Ronald S. Canter, Esquire (Bar # 335045)
>Bradley T. Canter, Esquire (admitted *pro hac vice*)
>200A Monroe Street, Suite 104
>Rockville, Maryland 20850
>Telephone: (301) 424-7490
>Facsimile: (301) 424-7470
>rcanter@roncanterllc.com
>bcanter@roncanterllc.com
>*Attorneys for Defendant*
>
>*Local Address:*
>400 S. Dixie Hwy #322
>Boca Raton, Florida 33432

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by ECF/CM procedures on this 28th day of March, 2018 to:

> Thomas J. Patti, Esquire
> THOMAS-JOH LAW, P.A.
> 1451 W. Cypress Creek Road, Suite 300
> Fort Lauderdale, Florida 33305
> tpatti@thomasjohnlaw.com
> *Attorney for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant*