**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:18-CV-60243-BB**

| | |
|---|---|
| JIBRAEL HINDI | ) |
| Plaintiff | ) |
| vs. | ) |
| FROST-ARNETT COMPANY | ) |
| Defendant | ) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

**I.   INTRODUCTION**

Mr. Hindi is a Florida consumer attorney who regularly files FDCPA and FCCPA cases. *See*, ECF No. 19-1 at p. 1. He has also recently become a frequent Plaintiff in FDCPA lawsuits in this Court. *See*, *Hindi v. Latham and Hatch, LLC*, Case No. 1:17-cv-24557-KMM (filed December 17, 2017); *Hindi v. Prince-Parker & Associates, Inc.*, Case No. 0:18-cv-60451-WPD (filed March 1, 2018)[1]; and *Hindi v. Syndicated Office Systems, LLC*, Case No. 0:18-cv-60752 (filed April 8, 2018).[2]

**II.   PLAINTIFF MISCHARACTERIZES DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AS BINDING "ADMISSIONS"**

Plaintiff repeatedly relies on so-called admissions made by Defendant in its Motion to Dismiss Plaintiff's Amended Complaint. *See*, [ECF No. 24 at ¶¶ 30, 36, 37]. Plaintiff proceeds

---

[1] This lawsuit is remarkably similar to the claims in *Prince-Parker*. Each Complaint alleges (1) an outstanding debt owed for medical services, (2) Mr. Hindi orally communicating a dispute of the debt because he was "challenging the validity of the debt with his healthcare insurance provider," and (3) claims under the FDCPA and FCCPA against the debt collector based on a consumers dispute rights.
[2] *Hindi v. Syndicated Office Systems, LLC* is marked as "Administratively Closed" on PACER.

as if Defendant has conceded that; (1) its agent told Plaintiff that the dispute period had expired, (2) that it mailed two collection letters, and (3) that Plaintiff's telephone call was within thirty days of receipt of any letter. *Id*.

Defendant's burden in its Motion to Dismiss is to argue its position knowing that the "complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." *AXA Equitable Life Ins. Co. v. Infinity Financial Group, LLC*, 608 F.Supp.2d 1349, 1353 (S.D.Fla. 2009). Although Defendant would welcome the opportunity to explain why it disputes the facts articulated in the Amended Complaint, it is premature to do so. *See*, [ECF No. 19-1 at fn. 7]. Defendant's arguments are advanced <u>assuming</u> the facts alleged as true for the purposes of the Motion to Dismiss, not as an admission or concession of the underlying facts.

### III. *CHURCH V. ACCRETIVE HEALTH, INC.* IS DISTINGUISHABLE FROM THIS CASE

In responding to Defendant's standing argument, Plaintiff relies on *Church v. Accretive Health, Inc.*, 645 Fed.Appx. 990 (11th Cir. 2016). *Church* is readily distinguishable from the current case. In *Church*, the Eleventh Circuit held that a consumer had standing to sue on the basis that substantive rights were violated when a debt collector did not include the required FDCPA disclosures in its collection letter. Accordingly, when Congress has created an affirmative duty on a debt collector to disclose information (i.e. the validation notice), the Eleventh Circuit held that a party has standing to sue when the collector does not disclose that information.

Here, it is undisputed that Plaintiff received the required disclosures, not once, but twice. *See*, [ECF Nos. 15-1 and 15-2]. A consumer must incur a concrete and particularized injury in order to satisfy constitutional standing. When a debt collector makes an alleged false statement

about the time period to dispute a debt <u>after</u> the consumer already disputed the debt and where no further collection activity ensues, the FDCPA does not elevate this "harm" into an actual injury. Plaintiff has no standing because he has not alleged any concrete or particular injury arising from Frost-Arnett's purported false statement.

**IV.    A DEBT COLLECTOR WHO SENDS A SECOND § 1692g NOTICE DOES NOT VIOLATE THE FDCPA**

Inexplicably, Plaintiff accuses Defendant of failing to provide any precedent from this District in support of the statement that "[t]his Court [has] conclusively held that by sending multiple letters with the § 1692g validation notice a consumer's rights are not violated, but expanded." [ECF No. 24 at ¶ 31]. Instead, Plaintiff cites *Christopher v. RJM Acquisitions, LLC*, 2015 WL 437541, at *8 (D.Ariz. Feb. 3, 2015), a ruling by a court outside the Eleventh Circuit.

In fact, as cited in Defendant's memorandum [ECF No. 19-1 at p. 8], this Court has held that it is not a violation of the FDCPA to send multiple collection notices with the § 1692g notice. *See*, *Gesten v. Phelan Hallinan, PLC*, 57 F.Supp.3d 1381, 1386-87 (S.D.Fla. 2014). In *Gesten*, this Court ruled:

> Defendant's second letter is not inconsistent with the thirty-day period that the FDCPA allows Plaintiff to dispute the debt. If anything, the second letter grants Plaintiff *additional* time to do so…Defendant's required notice was therefore not overshadowed or contradicted. Instead it was expanded and emphasized.

(emphasis in original).

Accordingly, Plaintiff's claim that Defendant violated the FDCPA by sending multiple collection letters with § 1692g disclosures must be dismissed.

**V.    THE COLLECTION LETTERS ARE PRESUMED TO BE MAILED ON THE DATE LISTED IN EACH LETTER**

- 3 -

Plaintiff argues that the date of the mailing of the collection letters is a question of fact that cannot be decided in a motion to dismiss. [ECF No. 24 at ¶¶ 24-27] ("Defendant erroneously references the dates listed in the First and Second Collection Letter as being the date the respective letter was mailed"). However, for purposes of this motion, this Court can presume, absent any allegation to the contrary, that the dates on the collection letters (November 3, 2017 and December 1, 2017) are the dates the letters were mailed. *See*, *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1123 (9th Cir. 2007) ("We begin with the presumption that the letter issuance date is also the date on which the letter was mailed").[3] *See also*, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 (1984); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 164 F.3d 236, 238-39 (3rd Cir. 1999); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2nd Cir. 1996); *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988).

Since this Court presumes that the collection letters were sent on November 3 and December 1, it may also presume that the letters were received on November 6 and December 4, respectively. *See, Martin v. Allied Interstate, LLC*, 192 F.Supp.3d 1296, 1307 (S.D.Fla. 2016), *citing Mahon v. Credit Bureau of Placer Cnty., Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999). Therefore the alleged December 25 telephone call was more than thirty (30) days from receipt of the first collection letter. Accordingly, each of Plaintiff's claims related to his dispute within thirty (30) days of receipt of the first collection letter fail.

**VI.   ANY ALLEGED FALSE STATEMENT MADE TO MR. HINDI ABOUT HIS RIGHT TO DISPUTE THE DEBT IS NOT MATERIALLY MISLEADING**

---

[3] A diligent search found no Eleventh Circuit case discussing the issue.

Plaintiff's position appears to be that a debt collector violates the FDCPA when any false statement is made, no matter the content or the time.  *See*, [ECF No. 24 at ¶ 30] ("Whether Defendant falsely stated the period for dispute had expired *before* or *after* Plaintiff disputed the debt is irrelevant").  The alleged false statement in this case, that the dispute period had expired, is not material so as to influence the least sophisticated consumer's decision or ability to pay or challenge a debt when the statement is made <u>after</u> the dispute is communicated to the debt collector and where <u>no</u> further collection activity took place.  *See*, [ECF No. 19-1 at Part V.A.4].

**VII.   CONCLUSION**

For the reasons set out herein, Defendant's Motion to Dismiss should be granted.

           THE LAW OFFICES
              OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire (Bar # 335045)
Bradley T. Canter, Esquire (admitted *pro hac vice*)
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com
bcanter@roncanterllc.com
*Attorneys for Defendant*

*Local Address:*
400 S. Dixie Hwy #322
Boca Raton, Florida 33432

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by ECF/CM procedures on this 16th day of April, 2018 to:

> Thomas J. Patti, Esquire
> THOMAS-JOHN LAW, P.A.
> 1451 W. Cypress Creek Road, Suite 300
> Fort Lauderdale, Florida 33305
> tpatti@thomasjohnlaw.com
> *Attorney for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant*