**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:18-CV-60243-BB**

|  |  |
|---|---|
| JIBRAEL HINDI | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| FROST-ARNETT COMPANY | ) |
| | ) |
| Defendant | ) |
| | ) |

**ANSWER OF DEFENDANT FROST-ARNETT COMPANY**

Your Defendant, Frost-Arnett Company (hereinafter "Defendant"), by and through counsel, in answer to Plaintiff's First Amended Complaint (hereinafter referred to as "Complaint") filed herein states as follows:

1.  The allegations set forth in Paragraph 1 of the Complaint set forth legal conclusions for which a response is not required.

2.  The allegations set forth in Paragraph 2 of the Complaint set forth legal conclusions for which a response is not required.

3.  The allegations set forth in Paragraph 3 of the Complaint set forth legal conclusions for which a response is not required.

4.  The allegations set forth in Paragraph 4 of the Complaint set forth legal conclusions for which a response is not required.

[Plaintiff's Complaint does not contain Paragraphs 5-10]

11.  The allegations set forth in Paragraph 11 of the Complaint set forth legal conclusions for which a response is not required.

- 1 -

12.     The allegations set forth in Paragraph 12 of the Complaint set forth legal conclusions for which a response is not required.

13.     The allegations set forth in Paragraph 13 of the Complaint set forth legal conclusions for which a response is not required.

14.     Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.     The allegations set forth in Paragraph 15 of the Complaint set forth legal conclusions for which a response is not required.

16.     The allegations set forth in Paragraph 16 of Plaintiff's Complaint relate to jurisdiction for which a response is not required.

17.     The allegations set forth in Paragraph 17 of Plaintiff's Complaint relate to jurisdiction for which a response is not required.

18.     The allegations set forth in Paragraph 18 of Plaintiff's Complaint relate to venue for which a response is not required.

19.     Upon information and belief, Defendant admits the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.     In response to the allegations set forth in Paragraph 22 of Plaintiff's Complaint, Defendant states that it was attempting to collect Plaintiff's debt.

23.     Defendant is without sufficient information or knowledge as to the nature of the debt to either admit or deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant is without sufficient information or knowledge as to the nature of the debt to either admit or deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     The allegations set forth in Paragraph 25 state a legal conclusion for which a response is not required.

26.     The allegations set forth in Paragraph 26 state a legal conclusion for which a response is not required.

27.     The allegations set forth in Paragraph 27 state a legal conclusion for which a response is not required.

28.     In response to the allegations set forth in Paragraph 28 of Plaintiff's Complaint, Defendant attempted to collect Plaintiff's debt, but is without sufficient information or knowledge as to whether the debt is a consumer debt.

29.     In response to the allegations set forth in Paragraph 29 of Plaintiff's Complaint, Defendant sent the November 3, 2017 collection letter to Plaintiff, but is without sufficient information or knowledge as to whether the debt is a consumer debt.

30.     Defendant is without sufficient information or knowledge as to the nature of the debt to either admit or deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.     In response to the allegations set forth in Paragraph 31 of Plaintiff's Complaint, Defendant admits that Plaintiff was sent the December 1, 2017 letter but denies that it was sent with any authorization or permission from Defendant.

32.     In response to the allegations set forth in Paragraph 32 of Plaintiff's Complaint, Defendant states that the contents of the letters speak for themselves.

33.     In response to the allegations set forth in Paragraph 33 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge as to whether the debt was a consumer debt.  In further answer, on December 28, 2017, Plaintiff called Defendant and orally disputed his debt.  Defendant denies the allegations as to its response.

34      The allegations set forth in Paragraph 34 of the Complaint set forth legal conclusions for which a response is not required.

35.     The allegations set forth in Paragraph 35 of the Complaint set forth legal conclusions for which a response is not required.

36.     The allegations set forth in Paragraph 36 of the Complaint set forth legal conclusions for which a response is not required.

37.     The allegations set forth in Paragraph 37 of the Complaint set forth legal conclusions for which a response is not required.

38.     Defendant incorporates its answer to Paragraphs 1 through 37 as though repeated in full.

39.     The allegations set forth in Paragraph 39 of the Complaint set forth legal conclusions for which a response is not required.

40.     The allegations set forth in Paragraph 40 of the Complaint set forth legal conclusions for which a response is not required.

41.     The allegations set forth in Paragraph 41 of the Complaint set forth legal conclusions for which a response is not required.

42.     Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant incorporates its answer to Paragraphs 1 through 43 as though repeated in full.

45.     The allegations set forth in Paragraph 45 of the Complaint set forth legal conclusions for which a response is not required.

46.     Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant incorporates its answer to Paragraphs 1 through 48 as though repeated in full.

50.     The allegations set forth in Paragraph 50 of the Complaint set forth legal conclusions for which a response is not required.

51.     Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damage and therefore lacks standing to bring this action.

- 6 -

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, including but not limited to procedures with Defendant's letter vendor to authorize or permit the sending of any letter on its behalf.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## FOURTH AFFIRMATIVE DEFENSE

Defendant never authorized any third party to send the December 1, 2017 letter and therefore is not liable for any damages that were incurred based on the December 1, 2017 letter.

WHEREFORE, having fully answered the Complaint, Defendant asks that it be dismissed, with prejudice, and that Plaintiff be required to pay Defendant its costs, expenses and reasonable attorney fees.

THE LAW OFFICES
  OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire (Bar # 335045)
Bradley T. Canter, Esquire (admitted *pro hac vice*)
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com
bcanter@roncanterllc.com
*Attorneys for Defendant*

*Local Address:*
400 S. Dixie Hwy #322
Boca Raton, Florida 33432

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was

served upon the individual(s) listed below by ECF/CM procedures on this 9th day of May, 2018

to:

Thomas J. Patti, Esquire
THOMAS-JOHN LAW, P.A.
1451 W. Cypress Creek Road, Suite 300
Fort Lauderdale, Florida 33305
tpatti@thomasjohnlaw.com
*Attorney for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant*